# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIA TYMES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of the Social Security** | : | |
| **Administration** | : | **NO. 09-4204** |

## ORDER

Plaintiff Tia Tymes filed this action under 42 U.S.C.§ 1383(c)(3) requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.  This Court referred the matter to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R&R").  Magistrate Judge Rapoport recommended that the Commissioner's decision be affirmed.  No objections were filed.

The Commissioner affirmed the decision of the Administrative Law Judge ("ALJ"), who found that Tymes suffered from four severe impairments – Charcot-Marie-Tooth syndrome (a neurological disorder), Reynaud's disease syndrome (a vasospastic disorder), pancreatitis disorder, and a hypertension disorder – but that Tymes had the residual functional capacity to perform a restricted range of sedentary work.  The ALJ partially discounted Tymes's description of her limited ability to use her hands because she was in the second year of college working toward an associate's degree in computer design, where she used a computer and could hand write and type notes during class, and because she could keep up with her young son at home.[1]  The ALJ also concluded that Tymes's medications had been "relatively if not fully effective" in

---

[1] R. 15–16.

controlling her symptoms of physical distress "at least to a limited degree."[2]  In so finding, the

ALJ gave only limited weight to the opinion of Tymes's treating physician, Dr. Scherer, as

inconsistent with the medical evidence and with Tymes's ability to pursue her academic studies.[3]

     In her request for review, Tymes argued that (1) the ALJ failed to include Tymes's

manipulative limitations in his hypothetical question to the vocational expert; (2) the ALJ failed to

seek testimony of a medical expert to determine whether the combination of Tymes's impairments

met or equaled a listed impairment; (3) the ALJ erred in not fully crediting Tymes's description of

her impairments.  The Magistrate Judge determined that the ALJ's decision was supported by

substantial evidence.  Because no objections to the R&R were filed, the Court need not perform a

*de novo* review and has the discretion to accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate."[4]  The Court has carefully considered the

administrative record and the R&R, and agrees with the Magistrate Judge's recommendation.

     The ALJ explained that manipulative limitations were not included in the hypothetical

question to the vocational expert because the ALJ determined that Tymes's self-described

limitations were contradicted by her daily activities.  In affording limited weight to Dr. Scherer's

opinion of Tymes's limitations, the ALJ did not reject the treating physician's opinion "for no

reason or for the wrong reason."[5] but explained that it was contradicted by certain medical

evidence and inconsistent with Tymes's activities in college.  The standard is not whether the

---

[2] R.16.

[3] R. 17.

[4] <u>Henderson v. Carlson </u>, 812 F.2d 874, 878 (3d Cir. 1987).

[5] <u>Moreles v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000) (quotations and citation omitted).

Court would have reached the same decision as the ALJ but whether the ALJ's decision is supported by substantial evidence.  The Court agrees with the Magistrate Judge that it is. Moreover, as noted in the R&R, counsel for Tymes at the hearing before the ALJ asked the vocational expert to assume that a person did have the manipulative limitations of numbness and loss of sensitivity in the hands, and the vocational expert opined that a person with such limitations still could perform certain occupations.[6]  Finally, for the reasons stated in the R&R, the ALJ was not required to obtain an updated medical opinion in this case.

    **AND NOW**, this 12th day of December 2011, after careful review and consideration of Plaintiff's request for review, Defendant's response, and the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, to which no objections have been filed, it is hereby **ORDERED** that:

1.     The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2.     The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.     Plaintiff's request for reversal is **DENIED**; and

4.     The decision of the Commissioner is **AFFIRMED**.

It is so **ORDERED**.

    **BY THE COURT:**

    **/s/ Cynthia M. Rufe**
    _____
    **CYNTHIA M. RUFE, J.**

---

[6] R&R at 25 n. 4.